UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
VERMONT MUTUAL INSURANCE COMPANY,          CASE NO. **07 CIV 7962 (SCR)**

Plaintiff,

-against-

SAAED MOSLEM and COUNTRY WIDE          **DEFENDANT'S, SAAED**
HOME LOANS,                            **MOSLEM'S, ANSWER TO**
                                       **PLAINTIFF'S COMPLAINT,**
Defendants.          **AFFIRMATIVE DEFENSES,**
                                       **AND COUNTERCLAIMS**

                                       **JURY TRIAL DEMANDED**
------------------------------------------------------------------x          **ON ALL ISSUES**

Defendant, SAAED MOSLEM (hereinafter "MOSLEM"), by and through his
attorneys, De Podwin & Murphy, Esqs., as and for his Answer to the plaintiffs' Complaint
and Counterclaims alleges and states that:

## **JURISDICTION**

1.      Denies knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations in paragraph 1 of plaintiff's Complaint.

2.      Admits the allegations in paragraph 2 of plaintiff's Complaint.

3.      Admits the allegations in paragraph 3 of plaintiff's Complaint.

4.      Denies each and every allegation in paragraph 4 of plaintiff's Complaint,
except admits that defendant, COUNTRY WIDE HOME LOANS (hereinafter the
"mortgagee"), holds a mortgage lien on the real property in question owned by the
defendant, MOSLEM, and said mortgagee is an interested/necessary party to this action.

5.      Admits the allegations in paragraph 5 of plaintiff's Complaint.

6.      Admits the allegations in paragraph 6 of plaintiff's Complaint.

7.      Admits the allegations in paragraph 7 of plaintiff's Complaint, except to the extent set forth in defendant's, MOSLEM's, affirmative defenses, counterclaims, and his third party action against plaintiff's agents/employees which will be filed within ten (10) days of the filing of the within Answer, Affirmative Defenses and Counterclaims.

## AS TO THE PLAINTIFF'S FIRST CAUSE OF ACTION
### (Defendant's Opposition to Plaintiff's Demand for Rescission of Insurance Policy, and allegations of Material Misrepresentation)

8.      Denies each and every allegation in paragraph 8 of plaintiff's Complaint, except admits that defendant, MOSLEM, signed a Homeowner's Application for a Homeowner's "All Risk"/Casualty insurance policy (hereinafter "the policy") for the subject premises which, *inter alia*, insured against, among other risks, damages to and/or loss of the improvements on the premises by fire.

9.      Denies each and every allegation in paragraph 9 and the subparagraphs thereof ((i) through (iv) inclusive) of plaintiff's Complaint.

10.     Denies each and every allegation in paragraph 10 of plaintiff's Complaint, except admits that defendant, MOSLEM, executed a Homeowner's Insurance Application which was completed by plaintiff's agent(s) and/or employee(s) and, upon information and belief, contains plaintiff's preprinted responses to questions which were or should have been posed to and/or information demanded of the defendant within the "format" of plaintiff's Insurance Application.

11.     Denies each and every allegation in paragraph 11 of plaintiff's Complaint, except admits that plaintiff by its agent ultimately issued to defendant, MOSLEM, a policy like that described above which contains a provision for casualty loss(es) in an amount

2

which, upon information and belief, equals at least $350,000.00 (Three Hundred Fifty Thousand Dollars), which policy insured the improvements upon the premises against the risk of loss and/or damage by fire.

12.     Denies each and every allegation in paragraph 12 of plaintiff's Complaint, except admits that a policy of insurance like that described above was ultimately transmitted to the defendant, MOSLEM, by plaintiff's agents.

13.     Admits the allegations in paragraph 13 of plaintiff's Complaint.

14.     Denies each and every allegation in paragraph 14  and the subparagraphs thereof ((i) through (iv) inclusive) of plaintiff's Complaint, except admits that: (i) the plaintiff, by its duly authorized agent, was fully aware (in part due to information provided to plaintiff by defendant, MOSLEM)  that the premises had been owned by the defendant, MOSLEM, for approximately eleven (11) months prior to the date when a portion of the application for the policy of insurance was prepared by the plaintiff's agents/employees who told the defendant, MOSLEM, to sign said application (and, upon information and belief, plaintiff's agents/employees subsequently inaccurately altered/supplemented the same), (ii) defendant, MOSLEM, previously had the subject premises insured under the terms of a similar insurance policy issued by another insurance company ("Foremost") bearing a different  policy number as the original policy or a true and complete copy thereof or the Declaration Pages for the Foremost policy were provided by defendant, MOSLEM, to the plaintiff by delivery of the same to plaintiff's agents prior to the date when defendant, MOSLEM, executed plaintiff's (incompletely prepared) Homeowner's Application, pursuant to the specific insistence and request of the agents of the plaintiff who was provided with the true facts regarding the aforesaid premises.

3

14(iii).    Denies each and every allegation in paragraph 14 (iii) of plaintiff's Complaint to the extent that the plaintiff, prior to the defendant's execution of the plaintiff's Application, was specifically advised through its agents by the defendant, MOSLEM, (and therefore admits that he specifically advised the plaintiff through its agents/employees) that the premises had been listed for sale through a local real estate brokerage firm and, in fact, the plaintiff had actual and/or constructive notice of the same due, *inter alia*, to the fact that the premises were specifically identified and listed for sale in local media "venues" including but not limited to the Orange County Times Herald Record.

15.    Denies each and every allegation in paragraph 15 of plaintiff's Complaint.

16.    Denies each and every allegation in paragraph 16 of plaintiff's Complaint.

17.    Denies each and every allegation in paragraph 17 of plaintiff's Complaint.

18.    Denies each and every allegation in paragraph 18 of plaintiff's Complaint.

## AS TO THE PLAINTIFF'S SECOND CAUSE OF ACTION
### (Defendant's Opposition to Plaintiff's Demand that the Policy be Adjudged Void *Ab Initio*)

19.    Defendant repeats, reiterates, realleges and incorporates by reference each and every admission, denial or allegation alleged herein.

20.    Denies each and every allegation in paragraph 20 of plaintiff's Complaint.

21.    Denies each and every allegation in paragraph 21 of plaintiff's Complaint.

## AS TO THE PLAINTIFF'S THIRD CAUSE OF ACTION
### (Defendant's Opposition to Plaintiff's Claim of Breach of Contract)

4

22.     Defendant repeats, reiterates, realleges and incorporates by reference each and every admission, denial or allegation alleged herein.

23.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of plaintiff's Complaint, and begs leave to reserve to the Court each and every finding of fact and conclusion of law with reference to the allegations of the aforesaid paragraph.

24.     Denies each and every allegation in paragraph 24 of plaintiff's Complaint, except admits that, upon information and belief, plaintiff transmitted correspondence to an agent of and/or prior counsel for the defendant, MOSLEM, with reference to the claim made by the defendant for all of the benefits due to plaintiff pursuant to the policy issued/delivered by the plaintiff through its agent.

25.     Denies each and every allegation in paragraph 25 of plaintiff's Complaint.

26.     Denies each and every allegation in paragraph 26 of plaintiff's Complaint.

27.     Denies each and every allegation in paragraph 27 of plaintiff's Complaint.

### AS TO THE PLAINTIFF'S FOURTH CAUSE OF ACTION
### (Defendant's Opposition to Plaintiff's Claim
### for a Declaratory Judgment)

28.     Defendant repeats, reiterates, realleges and incorporates by reference all previous matter alleged herein.

29.     Denies each and every allegation in paragraph 29 of plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5

30.     Upon information and belief, plaintiff's complaint should be dismissed with prejudice and is barred by the Doctrine of *Laches.*

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

31.     Plaintiff's complaint should be dismissed with prejudice and is barred by its failure to mitigate its alleged damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32.     Upon information and belief, plaintiff's complaint should be dismissed with prejudice and is barred by virtue of the agency relationship existing between the Parietti & McGuire Agency as agent, and plaintiff as principal, and due to the information communicated to the agent by defendant, MOSLEM, which, upon information and belief, was disregarded and/or inaccurately altered upon the application after defendant's, MOSLEM's, execution of the same.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

33.     Upon information and belief, plaintiff's complaint should be dismissed with prejudice and is barred by the Doctrine of Assumption of Risk.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34.     Upon information and belief, plaintiff's complaint should be dismissed with prejudice and is barred pursuant to the Doctrine of Consideration.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

35.     Upon information and belief, plaintiff's complaint should be dismissed with prejudice and is barred pursuant to the Doctrine of Payment.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

36.    Upon information and belief, plaintiff's complaint should be dismissed with prejudice and is barred by due to plaintiff's default in its performance of the material obligations due to defendant from plaintiff.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

37.    Upon information and belief, plaintiff's complaint should be dismissed with prejudice and is barred pursuant to the Doctrine of Ratification.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

38.    Upon information and belief, plaintiff's complaint should be dismissed with prejudice and is barred by the Doctrine of Unconscionability.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

39.    Upon information and belief, plaintiff's complaint should be dismissed with prejudice and is barred by the Doctrine of Waiver.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

40.    Upon information and belief, plaintiff's complaint should be dismissed with prejudice and is barred by the Doctrine of Lack of Materiality, as the objections asserted by the plaintiff to payment of the benefits of policy and plaintiff's right to maintain this action are grounded upon inaccurate allegations pertaining to the defendant's conduct which are neither material and/or the fact that the plaintiff had notice of all the material facts on which plaintiff relies in its failure to perform its obligations under the subject policy of insurance.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

41.    Upon information and belief, plaintiff's complaint should be dismissed with prejudice and is barred by the Doctrine of Equitable Estoppel.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

42.    Upon information and belief, plaintiff's complaint should be dismissed with prejudice and is barred by the Doctrine of Set-Off.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

43.    Upon information and belief, plaintiff's complaint should be dismissed with prejudice and is barred by the Doctrine of Truth.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

44.    Plaintiff's claims for equitable relief as set forth in its complaint should be deemed barred by each and every applicable maxim of equity including but not limited to the maxim that: "Equity rewards the vigilant", and plaintiff's "unclean hands".

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

45.    Upon information and belief, plaintiff's complaint should be dismissed with prejudice and is barred by its own negligence (including but not limited to "words negligently spoken" by its duly authorized agent) which were the proximate cause of the plaintiff's purported right to refuse to perform its obligations under the subject policy.

## AS AND FOR DEFENDANT'S COUNTERCLAIMS

### I.   ALLEGATIONS OF FACT COMMON TO ALL OF DEFNDANT'S, MOSLEM'S, DEFENSES, AFFIRMATIVE DEFENSES AND COUNTERCLAIM(S)

46.    Defendant repeats, reiterates, realleges and incorporates by reference each and every admission, denial or allegation alleged herein.

47.    Defendant, MOSLEM, acquired the subject premises during or about June 2005, and paid approximately $230,000.00 for the acquisition of the said premises.

48.    The defendant's acquisition of the subject premises was not (a) "new purchase" and the defendant, MOSLEM, subsequently expended substantial sums of money plus work, labor and services of the said defendant and his independent contractors to renovate/enhance and improve the premises.

49.    The plaintiff knew,  had actual and/or constructive notice of the fact that the premises did not constitute a "new purchase" because, *inter alia*: (i) the Insurance Application in question prepared by plaintiff's agents/employees (known to the defendant as the "Parietti & McGuire Insurance Agency, by Douglas Parietti, 562 Route 17M, Monroe, New York 10950") accurately inserted the fact that plaintiff resided at the premises at the time he executed the Application but inaccurately referenced the year in which the improvements on the subject premises were constructed as "1950"; (ii) was advised of the date of the defendant's  acquisition of the subject premises; (iii) the plaintiff's agent(s) referenced the co-defendant, COUNTRY WIDE, on at least two (2) portions of the plaintiff's application; (iv) when plaintiff's agent(s) prepared the application for the plaintiff, he/it made the notation "Bill Mortgagee", and indicated that the policy when issued should be mailed

9

"to agent", and made the additional notation in the portion of the plaintiff's form entitled "Renovation Type"; (v) plaintiff's agent made the entries on the portion of the application for "Wiring", "Plumbing", "Heating", "Roofing" indicated "as being all updated in Fall of 2005"; (v) entered the following information under the heading "PREMIUM": "Est. Total Premium $866 Balance $866" and then noted "To Bank" (on page 1 of plaintiff's application form); (vi) plaintiff's agent/employee also made entries on page 2 of the plaintiff's Application form under the section entitled "ADDITIONAL INTEREST": "Mortgee" and further noted that the additional named insured was "Country Wide Home Loans Inc." (with the co-defendant's address and loan number).

50.     Upon information and belief, when the Application was provided to the defendant, MOSLEM, for his signature the same was incomplete, as prepared by plaintiff's agents/employees, the same was not complete, subsequently altered by plaintiff's agent(s), and attachments to the same (referenced on page 2 of the aforesaid Application) were not provided to the defendant, MOSLEM, prior to, at the time of, or subsequent to his execution of the plaintiff's Application.

51.     The Declaration Page of the subject policy has an express notation prepared by the plaintiff which provides "Direct Bill to Mortgagee Country Wide Home Loans Inc.", and also bears the following notation prepared by plaintiff: "Mortgagee: Country Wide Home Loans Inc. ISAOA ATIMA FTWX-22, P.O. Box 961206, Ft. Worth, TX 76161-0206 Loan Number 1406210".

52.     Plaintiff also had actual or constructive notice of the fact that the premises did not constitute a "new purchase" by the defendant, in part by the fact that defendant specifically advised plaintiff through its agents/employees of: the month and year in which

he acquired the premises, of the mortgagee's interest as an "additional named insured", and the fact that the date when, place of and identity of the plaintiff's grantor/predecessor-in-interest was a matter of public record as legal instruments confirming the same were docketed in the land records of theOffice of the County Clerk of the County of Orange, State of New York.

53.    Plaintiff by its agents/employees was specifically advised by the defendant, MOSLEM, that one of the purposes for which the defendant requested additional/expanded insurance risk coverage was due to the amounts of money, work, labor and services expended by the defendant to renovate/improve the premises, from the date of the defendant's purchase of the premises and the date when the Application was discussed.

54.    Plaintiff had actual/constructive knowledge of the issuance and existence of a prior (similar) policy of insurance to the subject premises by an insurance company duly licensed to issue policies of insurance in the State of New York and known to the plaintiff as "Foremost Insurance", in part by virtue of the foregoing and the fact that the plaintiff's agents/employees were duly provided with a copy of and/or the original policy (and/or documents confirming the existence of the same) issued by Foremost Insurance for a period which included and/or commenced on or about the date when the defendant acquired the subject premises and that the "new policy" which the defendant requested of the plaintiff's agents/employees was a replacement policy for the Foremost Policy and would be paid for by the real property tax/insurance escrow maintained by the defendant's mortgagee, COUNTRY WIDE, and the fact that COUNTRY WIDE's mortgage lien on the premises was a matter of public record pursuant to a Mortgage lien duly recorded in the public (land) records of the County Clerk of the County of Orange, State of New York.

11

55. The aforesaid premises and the improvements thereon were, upon information and belief, duly inspected and approved by all municipal authorities of competent jurisdiction including but not limited to: the municipal fire inspector or his/her equivalent on or about a date prior to the plaintiff's agents/employees' preparation of the Application for the policy at issue in this action.

56. Plaintiffs' agents/employees also were told by defendant: (i) that the Foremost Insurance policy was required of the defendant, MOSLEM, by, *inter alia*, his mortgagee and that the same had to have been in full force and effect during the period at least from the date when the defendant, MOSLEM, acquired an ownership interest in the subject premises; (ii) the Foremost Insurance policy and/or Insurance Binder were utilized for the purposes of the aforesaid closing of title pursuant to which the defendant acquired his interest in the premises.

57. The plaintiff's agents/employees were also told by defendant the amount of the original purchase price, the costs and generic categories of improvements made to the premises by the defendant, the defendant's current estimate of the value of the same, and, upon information and belief, the plaintiff by its agents/employees conducted an inspection of the subject premises and/or otherwise tested the same prior to issuing the policy.

58. Prior to the issuance of its insurance policy, the plaintiff by its agents/employees duly acquired all of the information and true facts upon which the plaintiff wrongfully seeks to deny the defendant the benefits of the aforesaid coverage, by virtue of the foregoing, statements made by and conduct of the defendant, MOSLEM, to the plaintiff's agents/employees, the delivery to the latter of the Foremost Insurance policy,

and the facts learned by the plaintiff's agents/employees in the course of the defendant's investigation/inspection of the premises.

59.     Some of the information for the Application for the policy, which is at issue in this action, was requested by plaintiff's agent/employee, DOUGLAS PARIETTI, of PARIETTI & MCGUIRE INSURANCE AGENCY, 562 Route 17M, Monroe, New York 10950, over the telephone; and, the defendant, MOSLEM, truthfully answered all of the questions posed to him by him by plaintiff's aforesaid agent/employee during the course of the aforesaid telephone conversation.

60.     Approximately one (1) week thereafter the plaintiff's agent/employee, DOUGLAS PARIETTI, telephoned the defendant, MOSLEM" and advised defendant that he was "covered" under an "All Risk" Insurance Policy with a monetary benefit for damage to or destruction of the improvements upon the premises in the monetary sum of $350,000.00 (Three Hundred Fifty Thousand Dollars), for a total aggregate annual premium cost of $865.00 per year; and further advised the defendant, MOSLEM, to "... come in and sign the application ..."

61.     Upon information and belief, the premium for the policy at issue in this action was fully paid by or on behalf of the defendant, MOSLEM, to plaintiff's agents/employees and the policy in question was subsequently transmitted by the same to the defendant, MOSLEM, after the aforesaid payment for the annual premium referenced above, the latter was good and valuable consideration for the policy and the risks insured against by plaintiff and the aforesaid premium was retained and utilized, upon information and belief, by the plaintiff for a period in excess of (approximately) six (6) months.

62.     The plaintiff's agents/employees were specifically advised by the defendant, MOSLEM, that the property was listed for sale or rent with Prudential Rand Realty located at Central Valley, New York by an individual known to the defendant as "John Biazzi".

63.     Plaintiff should also be deemed to have actual/constructive notice of the fact that the premises were, in fact, listed for rent or sale at the time the Application for insurance was made by virtue of the media advertisements referenced above which pertained to the subject premises.

64.     Immediately after the defendant, MOSLEM, was notified of the fire which destroyed the premises on or about October 8, 2006, the defendant completed and filed all of the requisite documents demanded by the plaintiff, including but not limited to a proof of loss; defendant further submitted to and complied with the plaintiff's demand that the defendant be compelled and subjected to an Examination Under Oath which was conducted.

65.     When Application for the subject policy of insurance was made by the defendant, MOSLEM, he resided at the subject premises however when the same were (temporarily) rendered unsalable he subsequently rented a portion of the subject premises.

66.     Defendant, MOSLEM, duly performed all of the terms, conditions and obligations required of him pursuant to the terms and provisions of "the policy".

67.     Upon information and belief, the tenants' non-exclusive leasehold interest in a portion of the subject premises was acquired by said tenants after the issuance of the aforesaid "policy", and said tenants were not physically at or in the premises at the time when the fire which consumed the improvements thereon.

14

68.    The Application for the policy of insurance issued by plaintiff was not fully completed at the time of the defendant's, MOSLEM's, execution of the same and was, upon information and belief, subsequently modified and/or supplemented by entries made by the plaintiff's agents/employees without the express consent of the defendant, MOSLEM.

69.    The improvements to the subject premises have been completely destroyed and, upon information and belief, the damages sustained by the defendant are equal to or exceed the applicable monetary limits of the policy at issue in this action.

70.    The defendant, MOSLEM, has been damaged in amounts to be determined by this Court by virtue of the plaintiff's wrongful conduct and the wrongful conduct, breach of its legal obligations owing to defendant, MOSLEM, which were the proximate cause of defendant's damages including but not limited to plaintiff's default in paying defendant, MOSLEM, the benefits due him under the coverage referenced in the subject policy entitled "DWELLING ($350,000.00)", "PERSONAL PROPERTY ($245,000.00)", "LOSS OF USE ($70,000.00)" and/or other categories of damages.

71.    After the subject loss to the premises the defendant retained the services of a Public Insurance Adjustor, to wit: Adjusters International located at 125 Wolf Road, Albany, New York 12205.  Upon information and belief, the defendant, his agents and/or his prior legal counsel specifically provided the plaintiff with all of the requisite documents demanded by plaintiff's counsel.

15

## II.    AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, SET-OFF, AND FIRST COUNTERCLAIM AGAINST PLAINTIFF.

### (Breach of Contract)

72.    Defendant repeats, reiterates, realleges and incorporates by reference each and every admission, denial or allegation alleged herein.

73.    Plaintiff has alleged in this action that it is a corporation authorized to transact the business of insurance pursuant to the laws of the State of New York, and has an office for the transaction of business individually or through its agents in the County of Orange, State of New York.

74.    Defendant, MOSLEM, at all materials times hereinafter mentioned is a natural person who is and was the lawful owner of real property commonly known as 2276 Route 302, Middletown, Orange County, New York.

75.    Defendant, MOSLEM, acquired title to the subject premises during or about June 2005.

76.    Defendant, MOSLEM, made improvements to the existing improvements on the subject premises after his acquisition of the premises.

77.    There was, in fact, a policy of "All Risk" insurance similar to that in issue in this action previously issued to the defendant, MOSLEM, pertaining to the subject premises at or about the time of his acquisition of the premises, and the same was a condition of/required by the terms and conditions of a mortgage lien and/or Note executed by the defendant, MOSLEM, in favor of the co-defendant, COUNTRY WIDE.

16

78.    The existence of the aforesaid policy (by Foremost Insurance) was required to be in full force and effect at the date of closing of title to the premises.

79.    As soon as defendant became aware of the destruction of the improvements on the subject premises during or about October of 2006, the defendant, MOSLEM, duly notified the plaintiff, its agents or employees, thereafter filed with the plaintiff his sworn proof of loss on all forms as required by plaintiff, and defendant has otherwise complied with all of the terms and conditions of the policy on his part to be performed and duly paid the consideration/annual premium to the plaintiff who accepted the same.

80.    The plaintiff during or about September of 2007 notified the defendant, MOSLEM, of plaintiff's refusal to pay the claim of the defendant, MOSLEM, and provide him with the benefits due and owing under the subject policy of insurance to the defendant and/or the co-defendant, COUNTRY WIDE, as its interests may appear.

81.    Upon information and belief, the destruction of the improvements on the subject premises arose from a risk which the plaintiff promised pursuant to his policy of insurance to insure the defendant, MOSLEM, against, and the defendant, MOSLEM, has been damaged, by the plaintiff's wrongful breach of its material obligations due and owing to the defendant, MOSLEM, who possessed an insurable interest in said improvements and the proceeds of the insurance policy issued by the plaintiff.

82.    No part of the sums due and owing to the defendant, MOSLEM, and/or co-defendant, COUNTRY WIDE, to the extent that its interest may appear and to which it may have any right thereto, which are estimated to be not less than the sum of approximately $665,000.00 has been paid by the plaintiff, although payment therefore has been duly demanded by defendant, MOSLEM.

17

### III. AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE, SET-OFF, AND SECOND COUNTERCLAIM AGAINST PLAINTIFF.

#### (Negligence/Words Negligently Spoken)

83.     Defendant repeats, reiterates, realleges and incorporates by reference each and every admission, denial or allegation alleged herein.

84.     Accordingly, due solely to the plaintiff's agent's negligence including but not limited to the representations to defendant, MOSLEM, (made in or about June 2006) that the insurance coverage requested by said defendant would be procured by said agent, the negligent preparation, alteration and/or supplementation of the application and transmission thereof to plaintiff by plaintiff's agent after the execution thereof by defendant, MOSLEM, and subsequent statements that the insurance coverage requested by defendant, MOSLEM, was in full force and effect, plaintiff's delivery of the policy of insurance and retention of the premium payment, defendant, MOSLEM, has been damaged due to the negligence of the plaintiff individually and/or through its agent(s) for damages which include but are not limited to the sum of not less than $665,000.00 and is entitled to a monetary judgment against the plaintiff in said amount together with interest thereon and the dismissal of plaintiff's Complaint.

### IV. AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE, SET-OFF, AND THIRD COUNTERCLAIM AGAINST PLAINTIFF.

#### (Implied Contract)

85.     Defendant repeats, reiterates, realleges and incorporates by reference each and every admission, denial or allegation alleged herein.

18

86.     The defendant, MOSLEM, as the "insured" under the aforesaid policy of insurance has duly performed all of the conditions of the policy of insurance on his part to be performed, except, to extent this Court may find any of the same excused by plaintiff due to waiver or estoppel on the part of the plaintiff and/or due to its conduct prior to its denial of benefits coverage due and owing to the defendant, MOSLEM.

87.     The facts and circumstances of this case and applicable law are such that a "contract implied in law" exists between the plaintiff and the defendant, MOSLEM, to the extent that the defendant is entitled to all of the benefits, insurance coverage and proceeds of the policy of insurance which the plaintiff wrongfully seeks to rescind in this action.

88.     Accordingly, by virtue of the plaintiff's breach of its obligations due and owing under the implied contract between plaintiff and defendant, MOSLEM, and/or its policy of insurance, including but not limited to loss of the improvements on the premises, loss of use of the premises, loss of his personal property, the defendant, MOSLEM, has been damaged in the sum of not less than $665,000.00 and is entitled to a monetary judgment against the plaintiff in said amount together with interest thereon and dismissal of plaintiff's Complaint.

### V.  AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE, SET-OFF, AND FOURTH COUNTERCLAIM AGAINST PLAINTIFF.

#### (Request for a Declaratory Judgment as Incidental to Plaintiff's Request(s) for a Declaratory Judgment)

89.     Defendant repeats, reiterates, realleges and incorporates by reference each and every admission, denial or allegation alleged herein.

90.     The facts and circumstances of this action and the conduct of the parties are

such that the defendant, MOSLEM, should be entitled to an award of a Declaratory

Judgment determining that: (i) the Parietti & McGuire Agency acted within the scope of its

authority as the agent of the plaintiff; (ii) plaintiff by (and) its agent owed a duty of care to

defendant, MOSLEM, which was breached; (iii) defendant, MOSLEM, duly performed all

of the conditions required of him (except, to extent this Court may find any of the same

excused by waiver or estoppel or negligence or other culpable conduct on the part of the

plaintiff and its agent due to their conduct prior to plaintiff's denial of benefits due and

owing to the defendant, MOSLEM; (iv) that the defendant, MOSLEM, had at all material

times an insurable interest in the premises, improvements on the premises, and the

proceeds of the plaintiff's policy of insurance; (v) that the plaintiff is and should be obligated

to fully perform all of its obligations due and owing to defendant, MOSLEM, and pay

defendant, MOSLEM, all of the proceeds of the aforesaid policy of insurance to defendant,

MOSLEM (and/or if so determined to co-defendant, COUNTRY WIDE, to the extent that

its interest may appear); and (vi) although defendant, MOSLEM, asserts that no such

proceeds are due and owing to co-defendant, COUNTRY WIDE, by virtue of the fact that

defendant, MOSLEM, is current in and has duly performed all of the obligations owed by

defendant, MOSLEM, to the co-defendant, COUNTRY WIDE.

91.     Upon information and belief, defendant, MOSLEM, lacks any adequate

remedy at law.

92.     The aforesaid Declaratory Judgment sought by defendant, MOSLEM, is

requested to further determine the extent to which the plaintiff is barred by its

culpable/wrongful conduct committed in breach of plaintiff's obligations due and owing to

20

defendant, MOSLEM, should be estopped and barred from maintaining the instant action against defendant, MOSLEM, and/or the extent to which the relief and/or damages sought by plaintiff should be denied or reduced in the proportion to which the culpable conduct of the plaintiff and/or plaintiff's agent bears to the culpable conduct which caused said (alleged) damages including but not limited to the dismissal of its complaint together with legal fees, interest, costs, and disbursements in favor of the defendant, MOSLEM, and against the plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE** Defendant, SAAED MOSLEM, demands that the Court enter a judgment in favor of the defendant, SAAED MOSLEM, and against the plaintiff, VERMONT MUTUAL INSURANCE COMPANY, as follows:

1.    Dismissing plaintiff's Summons and Complaint with prejudice, costs, disbursements, and counsel fees.

2.    Awarding Defendant, SAAED MOSLEM, a monetary judgment on defendant's, MOSLEM's, First Counterclaim in the sum of not less than $665,000.00 (Six Hundred Sixty-five Thousand Dollars).

3.    Awarding Defendant, SAAED MOSLEM, a monetary judgment on defendant's, MOSLEM's, Second Counterclaim in the sum of not less than $665,000.00 (Six Hundred Sixty-five Thousand Dollars).

4.    Awarding Defendant, SAAED MOSLEM, a monetary judgment on defendant's, MOSLEM's, Third Counterclaim in the sum of not less than $665,000.00 (Six Hundred Sixty-five Thousand Dollars).

5.    Awarding Defendant, SAAED MOSLEM, a Declaratory Judgment in the form

and to the extent as requested in defendant's Answer and Counterclaim.

6.    Awarding Defendant, SAAED MOSLEM, interest, counsel fees, costs, and

disbursements.

7.    Awarding Defendant, SAAED MOSLEM, such other and further relief as this

Court deems just, proper and equitable under the circumstances herein.


Dated:    Nanuet, New York
          November 13, 2007

                                    Yours, etc.,


                                    _____
                                    ANDREW H. De PODWIN, ESQ. (AD 3678)
                                    De PODWIN & MURPHY, ESQS.
                                    Attorneys for Defendant, SAAED MOSLEM
                                    500 Airport Executive Park - Suite 502
                                    Nanuet, New York 10954-5238
                                    (845) 371-2300


TO:    JAMES BORKOWSKI, ESQ. (JWB 9143)
       Attorney for Plaintiff
       445 Hamilton Avenue - 15TH Floor
       White Plains, NY 10601
       (914) 946-4777

## **VERIFICATION**

STATE OF NEW YORK    }
                     } ss.}
COUNTY OF ROCKLAND }

     **SAAED MOSLEM**, being duly sworn, says that he is a defendant in the above-entitled proceeding and that the foregoing Answer, Affirmative Defenses and Counterclaims is true to his own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, he believes it to be true.

                                              SAAED MOSLEM

Sworn to before me this ⟨ )
day of **NOVEMBER, 2007.**

_____

(Notary Public)

ANDREW H. DePODWIN
Notary Public, State of New York
No. 4960218
Qualified in Rockland County
Commission Expires June 23, 19
Aug 17, 2009

22