UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

VERMONT MUTUAL INSURANCE COMPANY,

CASE NO. **07 CIV 7962 (SCR)**

Plaintiff,

**ECF CASE**

-against-

SAAED MOSLEM and COUNTRY WIDE
HOME LOANS,

Defendants.

-------------------------------------------------------------------x
-------------------------------------------------------------------x

SAAED MOSLEM,

Third Party Plaintiff,

-against-

**THIRD PARTY COMPLAINT**

PARIETTI & McGUIRE INSURANCE AGENCY,
and 'DOUG" PARIETTI a/k/a DOUGLAS PARIETTI,   **JURY TRIAL DEMANDED**
individually and in his capacity as an Officer, Agent   **ON ALL ISSUES**
or Manager of Parietti & McGuire Insurance
Agency,

Third Party Defendants.

-------------------------------------------------------------------x

Third Party Plaintiff, SAAED MOSLEM (hereinafter "MOSLEM"), by and through his

attorneys, De Podwin & Murphy, Esqs., complaining of the Third Party Defendants,

PARIETTI & McGUIRE INSURANCE AGENCY (hereinafter "P&M"), and "DOUG"

PARIETTI a/k/a DOUGLAS PARIETTI (hereinafter "PARIETTI"), individually and in his

capacity as an Officer, Agent or Manager of Parietti & McGuire Insurance Agency,

hereinafter alleges and states that:

## I. JURISDICTION

1.     MOSLEM is a resident of the County of Orange, State of New York, and was at all material times the lawful owner of and resided at the real property (and owned the improvements thereon) hereinafter collectively the "premises") which are commonly known as 2276 Route 302, Middletown, Orange County, New York, and situated in this District, and said third party plaintiff had an "insurable interest" in said premises.

2.     Upon information and belief, at all times hereinafter mentioned the third party defendant, P&M, was and still is a business to wit: a domestic corporation entity organized and existing under the laws of the State of New York with a place of business at 562 Route 17-M, Monroe, County of Orange, New York 10950.

3.     Upon information and belief, at all times hereinafter mentioned the third party defendant, PARIETTI, was and represented himself to the third party plaintiff as an Officer, Agent or Manager of P&M, who resides in and/or transacts business within this District.

4.     Upon information and belief, at all times hereinafter mentioned, Vermont Mutual Insurance Company (first party plaintiff, hereinafter "VERMONT") was and still is a corporation organized and existing under the laws of the State of Vermont with its principal place of business at 89 State Street, Montpelier, Vermont 05602, VERMONT transacts business within the States of New York, and the third party defendants were and are the agents of VERMONT and transacted business for VERMONT, in this district, and said transaction of business are the grounds for the third  party plaintiff's causes of action against the third party defendants.

2

5.    Upon information and belief, although the third party plaintiff does not admit any liability to VERMONT, in the event any relief is awarded to VERMONT the third party defendants are or may be liable, in whole or in part, to the third party plaintiff for the plaintiff, VERMONT's claims against the third party plaintiff.

6.    A copy of the plaintiff's (VERMONT's) Complaint is annexed hereto as **EXHIBIT "A"**, and said Complaint has been filed against the defendant/third party plaintiff.

7.    A copy of the Answer of the defendant-third party plaintiff, MOSLEM, is annexed hereto as **EXHIBIT "B"** and the allegations in the same are incorporated herein by reference as if set out at length herein.

8.    The third party defendants are, upon information and belief, in fact and/or in law or equity should be determined to be the agent(s) of the plaintiff, VERMONT.

9.    This Court has original jurisdiction of this action pursuant to 28 U.S.C.A. 1332(a) as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and the agent(s) of plaintiff, VERMONT.

10.    Accordingly jurisdiction in this District is correct pursuant to 28 U.S.C.A. §1391(a) and F.R.C.P. 14(a), *et seq*.

## II.  ALLEGATIONS OF FACT COMMON TO THE CAUSES OF ACTION OF THE THIRD PARTY PLAINTIFF

11.    As alleged in the annexed Answer (**EXHIBIT "B"**), the third party plaintiff, MOSLEM, acquired the subject premises during or about June 2005; the premises were made subject to a mortgage lien by the co-defendant (in the first party action), COUNTRY

3

WIDE, who required that: the third party plaintiff, MOSLEM, procure and produce for the purposes of closing of title, a policy of insurance which insured the premises and improvements against the risks which are substantially similar to those risks subsequently insured against in the policy issued by plaintiff, VERMONT, and that the same be in full force and effect as of the date of closing of title in June 2005.

12.    The third party plaintiff, MOSLEM, duly acquired a policy of insurance and produced proof of the same at the closing of title when he acquired the subject premises from an insurance company known to the third party plaintiff as "Foremost Insurance" (hereinafter "Foremost").

13.    The third party plaintiff's acquisition of title to the premises, the date thereof and the mortgage lien of the co-defendant, COUNTRY WIDE, were all matters of public record in the County of Orange, State of New York, throughout the entire period when the third party defendants, acting as the agent(s) of VERMONT, transacted business for VERMONT with the third party plaintiff in this District.

14.    As more particularly alleged in the annexed Answer (**EXHIBIT "B"**) of the third party plaintiff, after June 2005 he subsequently improved the buildings situated on the subject premises at substantial cost, labor and expense to the extent that the value of the same substantially improved the residence/buildings on the subject premises.

15.    As more particularly alleged in the Answer (**EXHIBIT "B"**), during or about June 2006, the third party plaintiff had telephonic and personal communications with the third party defendant, P&M, by the third party defendant, PARIETTI, who requested what PARIETTI represented in the County of Orange, State of New York, to the third party

4

plaintiff was all of the information required of the third party plaintiff for the purposes of the preparation and submission of the application for the VERMONT policy and the same was sufficient to obtain the VERMONT policy which is in dispute in the first party action.

16.    The third party plaintiff in reliance upon the representation(s) of the third party defendants, duly and truthfully provided all the information so requested by third party defendants and also supplied the third party defendants with the original and/or a true and complete copy of his then-existing insurance policy with Foremost and/or the third party plaintiff provided PARIETTI and P&M with the Foremost policy's Declarations page(s) ("Dec Sheet") prior to his execution of the application, in the County of Orange, State of New York, and the third party defendants retained a copy of the same throughout the entire period when the third party defendants, acting as the agent(s) of plaintiff, VERMONT, transacted business with the third party plaintiff in this District.

17.    The third party plaintiff also advised the third party defendants that the insurance coverage he required was in excess of the coverage limits for the various risks previously insured against, he requested that the same be increased/enhanced and/or above that provided under the Foremost Insurance policy and the same was requested due to the improvements made to the subject premises; and also advised the third party defendants of the existence of the Foremost policy and the date when he acquired the premises.

18.    In or about June 2006 in the County of Orange, State of New York, the third party defendants, by third party defendant, PARIETTI, subsequently represented to the third party plaintiff that the insurance coverage so requested and applied for was in full force and effect and that the application was approved by P&M and VERMONT.

5

19.    The third party defendants should be determined, upon information and belief, in fact and law, to be fiduciaries owing the highest duty of care to the third party plaintiff at all material times, referenced in the complaint of VERMONT (**EXHIBIT "A"**) and in this third party complaint.

20.    At no time did the third party defendants disclose to the third party plaintiff that the application would be alleged by VERMONT (the third party defendants' principal) to be a component of the VERMONT policy nor that it would be deemed to comprise a portion of the VERMONT policy.

21.    The third party plaintiff truthfully responded to all of the inquiries made by the third party defendants who advised the third party plaintiff that the information that he provided was adequate and sufficient for the issuance of a policy of insurance like that referenced in the complaint of VERMONT (**EXHIBIT "A"**).

22.    Upon information and belief, the third party defendants also subsequently (after the execution of the application) inspected the subject premises and photographed or otherwise tested the same.

23.    Upon information and belief, the third party plaintiff has duly performed all the conditions and obligations of said insurance policy with VERMONT including but not limited to all aspects of the application process, on his part to be performed and/or as so represented to him by the third party defendants.

24.    After the initial telephone conversation between the third party plaintiff and the third party defendants, the third party plaintiff received a subsequent telephone call from the third party defendants, by third party defendant, PARIETTI, who advised

6

MOSLEM to appear at one of the offices of P&M, which are located within this District, and merely execute what PARIETTI represented was the complete Homeowner's Insurance Application Form, for P&M and VERMONT, and the third party plaintiff duly complied with said request.

25.     Upon information and belief, the third party defendants subsequently altered and/or inserted information on the (executed) Homeowner's Insurance Application Form which was: (i) not on the form at the time the third party plaintiff executed the same, (ii) inaccurate, (iii) deemed by VERMONT to be material, (iv) never disclosed to the third party plaintiff that said application was to be or had been altered prior to the submission of the application to VERMONT, and (v) wrongfully attributed their false alterations of the already executed application to the third party plaintiff, without his knowledge or consent.

26.     The third party defendants collected for their benefit and that of their principal, VERMONT, the full amount of the annual premium expense/cost for the issuance of the Vermont Mutual Insurance Company policy.

27.     After executing the Homeowner's Insurance Application Form the third party defendant, PARIETTI, expressly advised and represented to the third party plaintiff that the Homeowner's Insurance Policy which insured against the risks referenced in the VERMONT insurance policy at the limits set forth therein, had been issued and would remain in full force and effect during the term of said policy.

28.     The plaintiff, VERMONT, subsequently delivered to its agents the third party defendants who then caused the transmission/delivery of the VERMONT policy of insurance (without the, altered, Homeowner's Insurance Application attached) to the third party plaintiff who relied upon the express representations of the third party defendants and

7

VERMONT that said insurance policy was and would remain in full force and effect (subject to the terms of the policy) and insure the premises, residence and buildings and the third party plaintiff against all risks including but not limited to the risk of loss or damages by "fire".

29.    The third party plaintiff relied upon the aforesaid representations of the third party defendants (made by the third party defendant, PARIETTI) to his detriment would not have paid nor authorized COUNTRY WIDE to pay on his behalf from the third party plaintiff's money, which was held in escrow by COUNTRY WIDE, the annual premium expense for the issuance of the VERMONT policy, except for the aforesaid representations nor would he have continued to make further improvements to the subject premises after the aforesaid factual representations were made to him within the County of Orange, State of New York by the third party defendants, individually, jointly and severally and as the agent(s) of VERMONT.

30.    At no time did the third party defendants inform the third party plaintiff that the Homeowner's Insurance Application Form and the contents thereof would be alleged to comprise a portion of the Vermont Mutual Insurance policy, nor that the Homeowner's Insurance Application Form executed by the third party plaintiff was not complete at the time of its execution, nor that said document was subsequently altered, supplemented or modified by the third party defendants without the prior knowledge, consent or permission of the third party plaintiff after he executed said document.

31.    Upon information and belief the third party defendants never informed the third party plaintiff that there was any risk of any disclaimer of coverage by plaintiff, VERMONT due to any aspect of the application process or other cause.

8

32.    Additionally, upon information and belief, the third party defendants failed to advise or adequately advise the third party plaintiff of the importance and/or potential ramifications of the third party plaintiff's execution of the Homeowner's Insurance Application Form as prepared by the third party defendants for issuance and benefits of the the Vermont Mutual insurance policy.

33.    At the same time the third party defendants induced the third party plaintiff to execute the application, the third party defendants also had actual knowledge of: (i) the third party plaintiff's date of acquisition of the subject premises; (ii) the fact that the third party plaintiff's acquisition thereof was not a "new purchase", (iii) that the mortgage lien of co-defendant, COUNTRY WIDE, attached to the subject premises at or about the same time period when the closing of title occurred in 2005 and the third party plaintiff acquired title thereto, and (iv) were fully aware of the fact that the mortgagee's lien encumbered the premises at or about the aforesaid time and (v) required coverage to the extent that the third party plaintiff was obligated to attempt to have the mortgagee named as an "additional named insured", as its interest might appear upon the Foremost Insurance policy and subsequently the Vermont Mutual policy.

34.    Plaintiff, VERMONT, and the third party defendants at all material times had actual and constructive knowledge of all real property owned by the third party plaintiff, his occupation, place of residence and of the fact that the annual premium costs for the VERMONT policy would be paid and in fact was paid from a real property tax/insurance escrow account funded by the funds of the third party plaintiff, maintained by the mortgagee (co-defendant, COUNTRY WIDE), and that the premises were, at the time of

9

the Homeowner's Insurance Application listed for sale or rent with a licensed real estate brokerage agency located in the County of Orange, State of New York.

35.    Upon information and belief, the third party defendants either through their negligence, fraud, other breaches of fiduciary duties owed to the third party plaintiff, and/or their intentional alterations of or supplementations to the information on the Homeowner's Insurance Application Form, after its execution by the third party plaintiff, did so in order to minimize the prospect of risk(s) of peril to the subject premises in order to be paid a commission from the third party plaintiff's escrow/assets, and in doing so breached their legal and equitable duties due and owing to the third party plaintiff.

36.    Upon information and belief, the third party defendants and/or plaintiff, VERMONT, did not include by attachment or otherwise the post-execution altered/supplemented Homeowner's Insurance Application Form as part of the policy of insurance issued by plaintiff, VERMONT, and thereby concealed their wrongful and culpable conduct in violation of the rights of the third party plaintiff and the legal and equitable duties and obligations of the third party defendants due to the third party plaintiff.

37.    Upon being advised of the damage to/loss of the improvements/residence on the subject premises, the third party plaintiff duly and forthwith notified the plaintiff, VERMONT, and the third party defendants of the same; executed a proof of loss form; provided documents requested by plaintiff, VERMONT; and submitted to an Examination Under Oath by counsel for VERMONT.

38.    The plaintiff, VERMONT, during or about September 2007 purportedly "disclaimed" any obligation under VERMONT's policy of insurance  otherwise due and owing to the third party plaintiff.

10

39.    Immediately after learning of the aforesaid "disclaimer" the third party plaintiff telephoned the third party defendant, PARIETTI, to make an inquiry as to the plaintiff's disclaimer and/or the ramifications thereof.

40.    In the course of the aforesaid conversation, the third party plaintiff reminded (in words of substance) third party defendant, PARIETTI, that he had, prior to the execution of the Homeowner's Insurance Application Form, provided the third party defendants, by PARIETTI, with at least the Declaration Page ("Dec Sheet") of the prior Foremost Insurance policy and at no time did the third party defendant, PARIETTI, deny in any manner the fact that he and/or P&M received the same and/or retained possession of the aforesaid document and/or a copy thereof.

41.    Upon information and belief, the conduct of the third party defendants in the manner in which they transacted business with the third party plaintiff and/or breached their fiduciary, equitable and/or other duties due and owing to the third party plaintiff, were committed intentionally and/or with reckless disregard for the safety and duty of care due and owing to the third party plaintiff by the third party defendants and their conduct as an agent for their principal/plaintiff, VERMONT, should be determined to have been committed knowingly or intentionally and/or in concert to cause the alleged breaches of the third party defendants' obligations and/or alleged failures to act, upon which plaintiff, VERMONT, now claims/asserts excuse it of any obligations due to the third party plaintiff by plaintiff, VERMONT.

11

42.    If any relief is awarded in favor of VERMONT against the third party plaintiff, the third party defendants and/or their principal, VERMONT, should result in the determination that the aforesaid parties are jointly and severally liable to indemnify and/or contribute to the losses/damages sustained by the defendant/third party plantiff pursuant to, *inter alia*, New York CPLR §§1602(1), (5), (7) and (11).

### III.  AS AND FOR A FIRST CAUSE OF ACTION

### (Negligence)

43.    The third party plaintiff incorporates by reference all allegations in each and every paragraph numbered 1 through 42 above, with the same force and effect as if set out at length herein.

44.    Upon information and belief, the third party defendants and each of them were negligent in the manner in which they processed, altered and/or made and/or supplemented (after the execution thereof) the third party plaintiff's Homeowner's Insurance Application and in the manner in which they transacted business with the third party plaintiff.

45.    By reason of the aforesaid negligence and/or other culpable conduct of the third party defendants, the third party plaintiff has: (i) been subjected to a lawsuit by plaintiff, VERMONT; (ii) lost (to date) the benefits due and owing to the third party plaintiff under the VERMONT policy, (iii) been compelled, at his own cost and expense, to retain counsel, (iv) cause the demolition of the remaining structure on the premises, (v) continue to pay the real property taxes and monthly mortgage installment payments to COUNTRY WIDE pursuant to its mortgage lien, (vi) suffered damages to his real and personal

12

property, and (vi) lost the use of the subject premises; all of which have caused the third party plaintiff to incur damages in a sum of not less than $665,000.00.

46.    If, in addition to the costs of litigation and the other damages incurred by the third party plaintiff, it is determined the plaintiff ,VERMONT, is the prevailing party in the first party action referenced above, then and in that event any relief awarded to VERMONT and against the third party plaintiff will be caused solely by the negligence of the third party defendants who have breached their duty of care and obligations to the third party plaintiff which should be so adjudicated by this Court, and the third party plaintiff awarded damages in a sum of not less than $665,000.00 against the third party defendants, jointly, and severally, plus additional amounts to be determined by this Court, with an award of reasonable counsel fees, costs, disbursements and a monetary judgment should be entered in favor of the third party plaintiff and against the third party defendants, jointly and severally.

## IV.  AS AND FOR A SECOND CAUSE OF ACTION

### (Indemnity and/or Contribution)

47.    The third party plaintiff incorporates by reference all allegations in each and every paragraph numbered 1 through 46 above, with the same force and effect as if set out at length herein.

48.    The damages sustained by the third party plaintiff as a result of the negligence and/or culpable conduct attributable to the third party defendants include damage/injury to the real and personal property of the third party plaintiff and, as such, due to the conduct of the third party defendants individually and as the agent(s) of plaintiff,

13

VERMONT, any relief award in favor of plaintiff, VERMONT, should be diminished in direct proportion to which the culpable conduct of the third party defendants bears to the culpable conduct which allegedly caused the damages and/or results in any relief sought by and which may be awarded to the plaintiff, VERMONT, in the above entitled first party action pursuant to, *inter alia*, New York CPLR §1411, *et seq*.

49.    The third party defendants are jointly and severally liable to the third party plaintiff for all relief, damages, costs/disbursements/interest, counsel fees, and other relief which may be awarded to the plaintiff, VERMONT, in the first party action pursuant to, *inter alia*, New York CPLR §§1602(1), (5), (7) and (11).  Accordingly, third party plaintiff has been damaged in amounts to be determined by this Court and, when so determined, is entitled to have the same entered as a monetary judgment against all third party defendants, jointly and severally.

50.    The third party defendants should be determined to be obligated to indemnify and/or contribute to the full satisfaction of any relief awarded to the plaintiff, VERMONT, and against the defendant/third party plaintiff, MOSLEM, who should be granted a determination that the third party defendants are jointly and severally required to indemnify the third party plaintiff, MOSLEM, of and from any relief awarded in favor of plaintiff, VERMONT, and/or that the third party defendants should be compelled to: (i) provide the third party plaintiff with the full benefits of the VERMONT policy in its stead and (ii) satisfy all damages sustained by the defendant/third party plaintiff, MOSLEM, in the above actions.

14

## V.  AS AND FOR A THIRD CAUSE OF ACTION

### (Words Negligently Spoken)

51.    The third party plaintiff incorporates by reference all allegations in each and every paragraph numbered 1 through 50 above, with the same force and effect as if set out at length herein.

52.    Upon information and belief, the disclaimer of coverage and the commencement of this action by the plaintiff, VERMONT, constitutes a wrongful refusal and denial of coverage in breach of the material rights and obligations due and owing to the third party plaintiff, MOSLEM, by plaintiff, VERMONT, and its agents the third party defendants.

53.    Upon information and belief, except for the negligence of the third party defendants in the manner in which they transacted business with, processed the Homeowner's Insurance Application of, and/or negligently communicated information to the third party plaintiff and plaintiff, VERMONT, the third party plaintiff, MOSLEM, would have obtained subsisting and effective "all risk" insurance coverage from a different insurance company licensed to do business in the State of New York which would not have disclaimed coverage to the third party plaintiff.

54.    The conduct of the third party defendants by the defendant, PARIETTI, constitutes "word negligently spoken", which is the proximate cause of all damages sustained or which may be sustained by the defendant/third party plaintiff, MOSLEM, in the above entitled actions.

15

55.    The third party defendants should be determined to be obligated to indemnify and/or contribute to the full satisfaction of any relief awarded to the plaintiff, VERMONT, and against the defendant/third party plaintiff, MOSLEM, who should be granted a determination that the third party defendants are jointly and severally required to indemnify the third party plaintiff, MOSLEM, of and from any relief awarded in favor of plaintiff, VERMONT, and/or that the third party defendants should be compelled to: (i) provide the third party plaintiff with the full benefits of the VERMONT policy in its stead and (ii) satisfy all damages sustained by the defendant/third party plaintiff, MOSLEM, in the above actions.

## VI.  AS AND FOR A FOURTH CAUSE OF ACTION

### (Breach of Implied Contract)

56.    The third party plaintiff incorporates by reference all allegations in each and every paragraph numbered 1 through 55 above, with the same force and effect as if set out at length herein.

57.    The conduct of the third party defendants and the legal relationship(s) between the plaintiff, VERMONT, the third party plaintiff and the third party defendants was such that the law implies a contract to exist between the parties pursuant to which the third party defendants are and should be determined to: (i) have breached and (ii) said third party defendants should be determined to be obligated to provide the third party plaintiff with contribution, indemnity and/or insurance coverage against the risks and in the amounts as set forth in and *nunc pro tunc* to the effective date of the VERMONT insurance policy in the event VERMONT is the prevailing party in the first party action.

58.    The foregoing constitutes the material terms and conditions of the aforesaid "contract implied in law".

59.    The Third party plaintiff, MOSLEM, has duly performed all of the obligations due and owing of him.

60.    Upon information and belief, the conduct of the third party defendants in breaching said implied contract was committed in wanton and reckless disregard of the rights of the third party plaintiff, thereby warranting an award of special, general and punitive damages in third party plaintiff's favor and against third party defendants, jointly and severally, and third party plaintiff is entitled to have the same entered as a monetary judgment in amounts to be determined by this Court against all third party defendants, jointly and severally.

## VII.  AS AND FOR A FIFTH CAUSE OF ACTION

### (Fraud and Fraudulent Concealment)

61.    The third party plaintiff incorporates by reference all allegations in each and every paragraph numbered 1 through 60 above, with the same force and effect as if set out at length herein.

62.    The representations of fact made by the third party defendants to the third party plaintiff which are alleged herein were, upon information and belief, made knowingly and intentionally, and the third party plaintiff duly relied thereon to his detriment and damage(s).

17

63.     The third party defendants, jointly and severally, knew or should be deemed to have known that their fraudulent: misrepresentations of fact and subsequent concealment of their alterations and supplementations to the insurance application, after its execution, and for its transmission to the principal of the third party defendants (VERMONT), and the contents of said application would be material as to the determination of VERMONT as to whether to issue the VERMONT policy of insurance and to the third party plaintiff in his decision to pay for and purchase the said policy, rely upon the existence of the same and not purchase insurance from another source.

64.     The third party defendants breached, by their acts of fraud and fraudulent concealment, their joint and several duty owed to the third party plaintiff to disclose material information to the third party plaintiff and, upon information and belief, also potentially to VERMONT.

65.     The aforesaid duty arises from the relationship between the third party plaintiff and the third party defendants which the circumstances of this case and law and equity creates and controls the legal relations between the third party plaintiff and the third party defendants.

66.     Accordingly, the third party plaintiff has been damaged by the foregoing culpable conduct of the third party defendants in amounts to be determined by this Court, in sums not less than $665,000.00, and for all or any part of the relief which may be awarded to the plaintiff, VERMONT, in the first party action (although no liability is conceded by the third party plaintiff to the plaintiff, VERMONT).

## PRAYER FOR RELIEF

**WHEREFORE** third party plaintiff, SAAED MOSLEM, demands that the Court enter a judgment in favor of the third party plaintiff, SAAED MOSLEM, and against the third party defendants, PARIETTI & McGUIRE INSURANCE AGENCY, and "DOUG" PARIETTI a/k/a DOUGLAS PARIETTI, individually and in his capacity as an Officer, Agent or Manager of Parietti & McGuire Insurance Agency, jointly and severally, as follows:

[A]     Awarding third party plaintiff, SAAED MOSLEM, a monetary judgment on the First, Fourth and Fifth Causes of Action in the sum of not less than $665,000.00 (Six Hundred Sixty-five Thousand Dollars) together with counsel fees, interest, costs and disbursements.

[B]     Awarding third party plaintiff, SAAED MOSLEM, a monetary judgment on the Second and Third Causes of Action as follows:

(i)     in the sum of not less than $665,000.00 (Six Hundred Sixty-five Thousand Dollars); and/or,

(ii)     If it is determined that the defendant/third party plaintiff, MOSLEM, is liable in whole or in part to plaintiff, VERMONT (in the first party action referenced herein upon the complaint of VERMONT attached hereto as **EXHIBIT "A"**) that a judgment be granted in favor of the third party plaintiff, MOSLEM, and against the third party defendants, jointly and severally, for all relief awarded to VERMONT and damages sustained by the third party plaintiff, MOSLEM, including but not limited to the (prospective loss of the) benefits of the VERMONT insurance policy, loss of use of and

19

replacement cost(s) of the improvements to the premises, and all costs incurred in defending the first party action including but not limited to reasonable counsel fees, costs, and disbursements;

(iii)    Dismissing the first party action by virtue of the culpable conduct of the plaintiff's, VERMONT's, agents the third party defendants, jointly and severally; or, in the alternative, determining that the culpable conduct of VERMONT's agents the third party defendants be deemed attributable to plaintiff, VERMONT, including any contributory negligence or assumption of risk, and any relief awarded to VERMONT and/or otherwise recoverable be diminished in direct proportion to which the culpable conduct attributable to plaintiff, VERMONT, and/or by its agents and/or by the third party defendants bears to the alleged culpable conduct of the third party plaintiff, MOSLEM, which purportedly gives rise to the relief which may (but is no way conceded) be granted in whole or in part to the plaintiff, VERMONT; and,

(iv)    A judgment declaring and decreeing that the third party defendants, jointly and severally, have an obligation to provide defense, indemnity and/or contribution in favor of the third party plaintiff, MOSLEM, for any relief which may be awarded to plaintiff, VERMONT.

[C]    A judgment in favor of the third party plaintiff, MOSLEM, against the third party defendants awarding the third party plaintiff reasonable counsel fees, interest, costs, disbursements, and such other and further relief as this Court deems just, proper and equitable under the circumstances herein.

Dated:      Nanuet, New York
            November 26, 2007

                                    Yours, etc.,



                                    _____
                                    ANDREW H. De PODWIN, ESQ. (AD 3678)
                                    De PODWIN & MURPHY, ESQS.
                                    Attorneys for Defendant, SAAED MOSLEM
                                    500 Airport Executive Park - Suite 502
                                    Nanuet, New York 10954-5238
                                    (845) 371-2300

TO:    PARIETTI & McGUIRE INSURANCE AGENCY
       526 Route 17-M
       Monroe, NY 10950
       Third party defendant

TO:    DOUG PARIETTI a/k/a DOUGLAS PARIETTI
       526 Route 17-M
       Monroe, NY 10950
       Third party defendant

TO:    JAMES BORKOWSKI, ESQ. (JWB 9143)
       Attorney for Plaintiff
       445 Hamilton Avenue - 15TH Floor
       White Plains, NY 10601
       (914) 946-4777