# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

VERMONT MUTUAL INSURANCE COMPANY,

                      Plaintiff,

-against-

SAAED MOSLEM and COUNTRY WIDE
HOME LOANS,

                      Defendants.

------------------------------------------------------------x

**COMPLAINT**

**07 CIV. 7962**

**JUDGE ROBINSON**

**JURY TRIAL
DEMANDED
ON ALL ISSUES**

FILED
SEP 1 1 2007
USDC WP SDNY

Plaintiff, Vermont Mutual Insurance Company ("Vermont Mutual"), by its attorney, James W. Borkowski, Of Counsel to Keane & Beane, P.C., as and for its Complaint herein, against defendants Saaed Moslem ("Moslem") and Country Wide Home Loans, alleges:

## JURISDICTION

1. At all times herein mentioned, Vermont Mutual was and still is a corporation organized and existing under the laws of the Vermont, with its principal place of business at 89 State Street, Montpelier, Vermont.

2. Upon information and belief, at all times herein after mentioned, Moslem was and still is a resident of the State of New York, County of Orange.

3. Upon information and belief, defendant Country Wide Home loans is a financial institution in the business of making residential mortgages, and transacts business in the State of New York.

4. Upon information and belief, defendant Country Wide Home Loans holds a mortgage in the principal amount of $181,408.00 on the premises in question, which is discussed below. Thus, Country Wide Home loans is a potential interested party to this action.

5. This Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1332(a) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

6. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(a).

## **THE FACTS**

7. This action has been commenced in order to determine the rights and obligations between the plaintiff and the defendant with regard to a contract of insurance discussed herein, and with reference to the defendant's liabilities or potential liabilities arising from an alleged fire incident said to have occurred at the premises located at 2276 Route 302, Middletown, Orange County, New York (the "Premises") on or about October 8, 2006.

## FIRST CAUSE OF ACTION
(Rescission of Insurance Policy- Material Misrepresentation)

**The Vermont Mutual Policy**

8. On or about June 14, 2006, Moslem completed a Homeowner Application (the "Application") to Vermont Mutual for a homeowner's insurance policy for the Premises.

9. In the application, Moslem represented, among other things, that:

   (i) at the time of the Homeowner Application, the Premises was a new purchase;

   (ii) there was no prior insurance, and thus no prior policy number;

   (iii) Moslem has no other residence owned, occupied or rented; and

   (iv) the Premises was not for sale.

10. At the end of the Homeowner Application, immediately above his signature, Moslem declared that he had read the application and any attachments. Moslem declared that the information in the application was true, complete and correct to the best of his knowledge and belief, and that the above information was being offered to the company as an inducement to issue the policy for which he was applying.

11. In reliance on Moslem's representations in the Homeowner Application, Vermont Mutual issued to Moslem homeowners policy number HO12307563 (the "Policy"). The Policy insured Moslem's premises in the amount of

$350,000.00 for the dwelling located on the Premises, in accordance with its terms and conditions. A copy of the Homeowner Application was appended and made a part of the Policy as issued. Vermont Mutual begs leave to refer to the original or a true copy of the Homeowner Application and Policy for the complete terms and conditions thereof at the trial of this action.

12. Upon information and belief, the Policy was delivered to Moslem on or about June 22, 2006.

13. On October 8, 2006, a fire occurred at the Premises, which destroyed the house structure located on the Premises.

14. In the course of investigating the fire, Vermont Mutual discovered that Moslem's representations in the Homeowner Application, as set forth in paragraph 9, supra, were false, in that among other things, Moslem:

   (i) at the time of the Homeowner Application, the Premises was not a new purchase;

   (ii) Moslem previously had insurance through another insurance company, with another prior policy number;

   (iii) Moslem did, in fact, own other residences, which were rented; and

   (iv) the Premises had been listed for sale through a real estate broker.

15. Vermont Mutual did not discover that Moslem's representations set forth in paragraph 9, supra, were false until after it had issued the Policy.

16. Moslem's representations set forth in paragraph 9 were material to the risk to be insured since, had Vermont Mutual known the true state of facts, it would have

led to a refusal by Vermont Mutual to issue the Policy.

17. Vermont Mutual does not have an adequate remedy at law.

18. By reason of the foregoing, Vermont Mutual is entitled to judgment rescinding the Policy, declaring it null and void <u>ab initio</u>, and ordering Moslem to surrender the Policy to Vermont Mutual for cancellation.

## SECOND CAUSE OF ACTION
(Policy Void Ab Initio)

19. Vermont Mutual repeats and realleges each and every allegation contained in paragraphs 1 through 18 of the Complaint as if set forth at length herein.

20. The Policy never took effect because at the time of issuance and delivery of the Policy to Moslem, the facts set forth in the Homeowner Application set forth in paragraph 9 <u>supra</u>, and relied upon by Vermont Mutual as an inducement to issuing the Policy, were not true.

21. Vermont Mutual has no adequate remedy at law and is entitled to a judgment declaring that the Policy never took effect and is null and is thus void <u>ab initio</u>, and ordering Moslem to surrender the Policy to Vermont Mutual for cancellation.

## THIRD CAUSE OF ACTION
(Breach of Contract)

22. Vermont Mutual repeats and realleges each and every allegation contained in paragraphs 1 through 21 of the Complaint as if set forth at length herein.

23. The terms and conditions of the Policy obligated Moslem to cooperate with Vermont Mutual in the investigation of any claim, including providing records and documents which would assist Vermont Mutual in investigating a claim. The Policy set forth as follows:

Section I – Conditions

> 2. **Your Duties After Loss.** In case of a loss to covered property, you must see that the following are done:
> f. As often as we reasonably require:
> (2) Provide us with records and documents we request and permit us to make copies;....

24. In the course of investigating the fire at the Premises, Vermont Mutual sent three letters to Moslem, each requesting that Moslem provide records, documents and information in connection with the claim.

25. Moslem breached the terms and conditions of the Policy, in that Moslem failed to respond to the letters and assist Vermont Mutual in investigating the claim.

26. Vermont Mutual has no adequate remedy at law.

27. In the alternative to the relief requested in the First Cause of Action and the Second Cause of Action, in the event the Court finds that the Policy is not void ab initio and/or that the Policy did take effect, Vermont Mutual is entitled to a judgment that Moslem's claim should be denied for Moslem's breach of his duty to assist Vermont Mutual in the investigation of his claim, specifically for Moslem's failure to provide records.

## FOURTH CAUSE OF ACTION

28. Vermont Mutual repeats and realleges each and every allegation contained in paragraphs 1 through 27 of the Complaint as if set forth at length herein.

29. By virtue of the foregoing, the Policy is void ab initio and/or Moslem's claim denied, and Vermont Mutual has no obligation to make any payment or pay any indemnification under the Policy to any party, including defendant Country Wide Home Loans.

**WHEREFORE**, plaintiff demands judgment against defendant as follows:

1. On its First Cause of Action, rescinding the Policy, declaring it null and void ab initio, and ordering Moslem to surrender the Policy to Vermont Mutual for cancellation;

2. On its Second Cause of Action, declaring that the Policy never took effect, declaring it null and void ab initio, and ordering Moslem to surrender the Policy to Vermont Mutual for cancellation;

3. On the Third Cause of Action, in the alternative to the relief requested in the First Cause of Action and the Second Cause of Action, declaring that Vermont Mutual is entitled to a judgment that Moslem's claim is denied for Moslem's breach of his contractual duty to assist Vermont Mutual in the investigation of his claim;

4. Declaring that, based upon the foregoing, Vermont Mutual is not obligated to make payments to any third party, including defendant Country Wide Home Loans, under the Policy;

5. Awarding Vermont Mutual the costs and disbursements of this action, including its reasonable attorneys' fees; and

6. Granting Vermont Mutual such other, further or different relief as the Court deems just and proper.

Dated: White Plains, New York
September 10, 2007

By: _____
James W. Borkowski (JWB 9143)
*Attorney for Plaintiff*
445 Hamilton Avenue, 15th Floor
White Plains, New York 10601
(914) 946-4777