UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
VERMONT MUTUAL INSURANCE COMPANY,            :   07 CV 07962 (SCR)

       Plaintiff,                                                      :   (United States District Judge
                                                                                    Robinson)
    – against –                                                  :

SAEED MOSLEM and COUNTRY-WIDE HOME            **THIRD PARTY**
LOANS,                                                                          **DEFENDANTS' ANSWER TO**
                                                                                        **THE THIRD PARTY**
       Defendants.                                                **COMPLAINT**
-----------------------------------------------------------------------x

SAEED MOSLEM,

       Third Party Plaintiff,

    – against –

PARIETTI & McGUIRE INSURANCE AGENCY and
"DOUG" PARIETTI a/k/a DOUGLAS PARIETTI,
individually and in his capacity as an Officer, Agent or
Manager of Parietti & McGuire Insurance Agency,

       Third Party Defendants.
-----------------------------------------------------------------------x

       Third Party Defendants, SINCE 1964, INC. d/b/a PARIETTI & McGUIRE i/s/h/a PARIETTI & McGUIRE INSURANCE AGENCY ("P & M") and DOUGLAS PARIETTI ("Parietti"), by and through their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, as and for their Answer to the third party complaint herein, allege:

### 1. JURISDICTION

    1.    Deny any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the third party complaint designated as "1."

2. Deny each and every allegation contained in paragraph of the third party complaint designated as "2" except admit that at all times mentioned herein, Since 1964, Inc. was a New York Corporation with a place of business at 562 Route 17-M, Monroe, County of Orange, New York 10950.

3. Deny each and every allegation contained in paragraph of the third party complaint designated as "3" except admit that at all times mentioned herein, Parietti was the President of Since 1964, Inc., which did business as Parietti & McGuire.

4. Deny any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in paragraph of the third party complaint designated as "4" insofar as they relate to plaintiff, Vermont Mutual Insurance Company ("Vermont") and deny each and every allegation contained in paragraph of the third party complaint designated as "4" to the extent it refers to P & M or Parietti, except admit that at all times relevant herein, P & M was an authorized agent of Vermont and solicited business on its behalf in this district.

5. Deny each and every allegation contained in paragraph of the third party complaint designated as "5".

6. Deny any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in paragraph of the third party complaint designated as "6" except admit a copy of what is purported to be plaintiff's complaint was annexed to the third party complaint as Exhibit "A".

7. Deny any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in paragraph of the third party complaint

designated as "7" except admit a copy of what is purported to be the defendant's answer was annexed to the third party complaint as Exhibit "B".

8. Admit that, at all times relevant herein, P & M was an authorized agent of Vermont and deny the remaining allegations contained in the paragraph of the third party complaint designated as "8".

9. Deny any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in paragraph of the third party complaint designated as "9".

10. Deny any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the third party complaint designated as "10".

## II.   ANSWERING THE FACTUAL ALLEGATIONS

11. Deny any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in paragraph of the third party complaint designated as "11".

12. Deny any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in paragraph of the third party complaint designated as "12."

13. Deny any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in paragraph of the third party complaint designated as "13."

14. Deny any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in paragraph of the third party complaint designated as "14."

15. Deny each and every allegation contained in paragraph of the third party complaint designated as "15" except admit P & M procured a Homeowner's Insurance Policy from Vermont for third party plaintiff in June 2006 and Parietti spoke with third party plaintiff regarding the same.

16. Deny each and every allegation contained in paragraph of the third party complaint designated as "16."

17. Deny each and every allegation contained in paragraph of the third party complaint designated as "17."

18. Deny each and every allegation contained in paragraph of the third party complaint designated as "18" except admit P & M procured a Homeowner's Insurance Policy from Vermont for third party plaintiff in June 2006 and Parietti spoke with third party plaintiff regarding the same.

19. Deny each and every allegation contained in paragraph of the third party complaint designated as "19."

20. Deny each and every allegation contained in paragraph of the third party complaint designated as "20."

21. Deny any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in paragraph of the third party complaint designated as "21" insofar as they refer to the third party plaintiff's actions and deny each

and every allegation contained in paragraph of the third party complaint designated as "21" to the extent it refers to the actions of P & M or Parietti.

22. Deny each and every allegation contained in paragraph of the third party complaint designated as "22" except admit Parietti took a photograph of the premises before the application for insurance was executed.

23. Deny any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in paragraph of the third party complaint designated as "23" and respectfully refer all question of law to this Honorable Court for determination.

24. Deny each and every allegation contained in paragraph of the third party complaint designated as "24" except admit Parietti asked the third party plaintiff to meet at his office to review and sign the application for insurance, Parietti reviewed the application with the third party plaintiff, completed the same in his presence and then asked the third party plaintiff to review and sign the application for insurance.

25. Deny each and every allegation contained in paragraph of the third party complaint designated as "25."

26. Deny each and every allegation contained in paragraph of the third party complaint designated as "26."

27. Deny each and every allegation contained in paragraph of the third party complaint designated as "27."

28. Deny each and every allegation contained in paragraph of the third party complaint designated as "28" except admit P & M personally delivered the subject insurance policy to third party plaintiff at its office before the fire.

29. Deny each and every allegation contained in paragraph of the third party complaint designated as "29".

30. Deny each and every allegation contained in paragraph of the third party complaint designated as "30".

31. Deny each and every allegation contained in paragraph of the third party complaint designated as "31".

32. Deny each and every allegation contained in paragraph of the third party complaint designated as "32."

33. Deny each and every allegation contained in paragraph of the third party complaint designated as "33" except admit they were aware that there would be a mortgage on the property.

34. Deny each and every allegation contained in paragraph of the third party complaint designated as "34" except admit they were aware that the premium for the policy would be paid at the closing on the property.

35. Deny each and every allegation contained in paragraph of the third party complaint designated as "35."

36. Deny each and every allegation contained in paragraph of the third party complaint designated as "36" and respectfully refer all questions of law for determination by this Honorable Court.

37. Deny any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in paragraph of the third party complaint designated as "37" except admit third party plaintiff notified them of the fire.

38. Deny any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the third party complaint designated as "38."

39. Deny each and every allegation contained in paragraph of the third party complaint designated as "39."

40. Deny each and every allegation contained in paragraph of the third party complaint designated as "40."

41. Deny each and every allegation contained in paragraph of the third party complaint designated as "41" and respectfully refer all questions of fact for determination by this Honorable Court.

42. Deny each and every allegation contained in paragraph of the third party complaint designated as "42" and respectfully refer all questions of law for determination by this Honorable Court.

### III.　ANSWERING THE FIRST CAUSE OF ACTION

43. Third party defendants repeat, reiterate and reallege each and every response as previously set forth to paragraphs numbered "1" through "42" with the same force and effect as if fully set forth at length herein.

44. Deny each and every allegation contained in paragraph of the third party complaint designated as "44".

45. Deny each and every allegation contained in paragraph of the third party complaint designated as "45".

46. Deny each and every allegation contained in paragraph of the third party complaint designated as "46".

## IV.  ANSWERING THE SECOND CAUSE OF ACTION

47. Third party defendants repeat, reiterate and reallege each and every response as previously set forth to paragraphs numbered "1" through "46" with the same force and effect as if fully set forth at length herein.

48. Deny each and every allegation contained in paragraph of the third party complaint designated as "48".

49. Deny each and every allegation contained in paragraph of the third party complaint designated as "49".

50. Deny each and every allegation contained in paragraph of the third party complaint designated as "50".

## V.  ANSWERING THE THIRD CAUSE OF ACTION

51. Third party defendants repeat, reiterate and reallege each and every response as previously set forth to paragraphs numbered "1" through "50" with the same force and effect as if fully set forth at length herein.

52. Deny any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in paragraph of the third party complaint designated as "52" insofar as they refer to Vermont's actions or obligations and deny each and every allegation contained in paragraph of the third party complaint designated as "52" to the extent it refers to the actions of P & M or Parietti.

53. Deny each and every allegation contained in paragraph of the third party complaint designated as "53."

54. Deny each and every allegation contained in paragraph of the third party complaint designated as "54."

55. Deny each and every allegation contained in paragraph of the third party complaint designated as "55."

## VI.   ANSWERING THE FOURTH CAUSE OF ACTION

56. Third party defendants repeat, reiterate and reallege each and every response as previously set forth to paragraphs numbered "1" through "55" with the same force and effect as if fully set forth at length herein.

57. Deny each and every allegation contained in paragraph of the third party complaint designated as "57."

58. Deny each and every allegation contained in paragraph of the third party complaint designated as "58."

59. Deny each and every allegation contained in paragraph of the third party complaint designated as "59."

60. Deny each and every allegation contained in paragraph of the third party complaint designated as "60."

## VII.   ANSWERING THE FIFTH CAUSE OF ACTION

61. Third party defendants repeat, reiterate and reallege each and every response as previously set forth to paragraphs numbered "1" through "60" with the same force and effect as if fully set forth at length herein.

62. Deny each and every allegation contained in paragraph of the third party complaint designated as "62."

63. Deny each and every allegation contained in paragraph of the third party complaint designated as "63."

64. Deny each and every allegation contained in paragraph of the third party complaint designated as "64."

65. Deny each and every allegation contained in paragraph of the third party complaint designated as "65" and respectfully refer all questions of law for the determination of this Honorable Court.

66. Deny each and every allegation contained in paragraph of the third party complaint designated as "66."

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE THIRD PARTY DEFENDANTS, SINCE 1964, INC. d/b/a PARIETTI & McGUIRE i/s/h/a PARIETTI & McGUIRE INSURANCE AGENCY and DOUGLAS PARIETTI, ALLEGE:

67. That any injuries and/or damages sustained by the third party plaintiff as alleged in the third party complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of said third party plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of the answering third party defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE THIRD PARTY DEFENDANTS, SINCE 1964, INC. d/b/a PARIETTI & McGUIRE i/s/h/a PARIETTI & McGUIRE INSURANCE AGENCY and DOUGLAS PARIETTI, ALLEGE:

68. Third party plaintiff failed to mitigate his damages pursuant to Law, Statute and Agreement and therefore, has sustained no damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE THIRD PARTY DEFENDANTS, SINCE 1964, INC. d/b/a PARIETTI &

McGUIRE i/s/h/a PARIETTI & McGUIRE INSURANCE AGENCY and DOUGLAS PARIETTI, ALLEGE:

69. Third party plaintiff has failed to state any claim or cause of action for which relief can be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THIRD PARTY DEFENDANTS, SINCE 1964, INC. d/b/a PARIETTI & McGUIRE i/s/h/a PARIETTI & McGUIRE INSURANCE AGENCY and DOUGLAS PARIETTI, ALLEGE:

70. Upon information and belief, the third party plaintiff's claims are barred in whole or in part by the exclusions, limits of liability and other provisions, terms, conditions and definitions contained in any alleged contract between the parties and/or in any policy of insurance allegedly procured by the answering third party defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THIRD PARTY DEFENDANTS, SINCE 1964, INC. d/b/a PARIETTI & McGUIRE i/s/h/a PARIETTI & McGUIRE INSURANCE AGENCY and DOUGLAS PARIETTI, ALLEGE:

71. If the answering third party defendants have any liability to third party plaintiff, which liability is expressly denied, the extent of any such liability is limited to the amount the third party plaintiff could have recovered under the policy or coverage he claims should have been procured and is subject to any and all terms, conditions and provisions of any such policy.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THIRD PARTY DEFENDANTS, SINCE 1964, INC. d/b/a PARIETTI & McGUIRE i/s/h/a PARIETTI & McGUIRE INSURANCE AGENCY and DOUGLAS PARIETTI, ALLEGE:

72. The claims against the answering third party defendants are or may be barred in whole or in part by the doctrine of estoppel.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE THIRD PARTY DEFENDANTS, SINCE 1964, INC. d/b/a PARIETTI & McGUIRE i/s/h/a PARIETTI & McGUIRE INSURANCE AGENCY and DOUGLAS PARIETTI, ALLEGE:**

73. If the answering third party defendants have any liability to third party plaintiff, which liability is expressly denied, the answering third party defendants are entitled to set-off against such liability the amount of premium that would have been charged for the coverage the third party plaintiff alleges should have been procured and to further set-off against such liability the amount of any deductible or other deduction that would have been made by the insurer providing such coverage from the loss amount claimed by third party plaintiff.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE THIRD PARTY DEFENDANTS, SINCE 1964, INC. d/b/a PARIETTI & McGUIRE i/s/h/a PARIETTI & McGUIRE INSURANCE AGENCY and DOUGLAS PARIETTI, ALLEGE:**

74. The answering third party defendants allege that third party plaintiff's injuries, if any, were proximately caused by an unforeseeable, unanticipated, independent, intervening and/or superseding event beyond the control, and unrelated to any conduct of the answering third party defendants.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE THIRD PARTY DEFENDANTS, SINCE 1964, INC. d/b/a PARIETTI & McGUIRE i/s/h/a PARIETTI & McGUIRE INSURANCE AGENCY and DOUGLAS PARIETTI, ALLEGE:**

75. If the third party plaintiff sustained any injury or incurred any loss or damages as alleged in the third party complaint, the same were caused in whole or in part by the actions or omissions of another or others for whom the answering third party

defendants are not responsible, and for whose conduct the third party defendants had no duty or reason to anticipate or control.

> **AS AND FOR A TENTH AFFIRMATIVE DEFENSE THIRD PARTY DEFENDANTS, SINCE 1964, INC. d/b/a PARIETTI & McGUIRE i/s/h/a PARIETTI & McGUIRE INSURANCE AGENCY and DOUGLAS PARIETTI, ALLEGE:**

76. Upon information and belief, that at all times relevant herein, the third party plaintiff was in possession of any alleged policy of insurance before the occurrence and is conclusively presumed to know its terms and conditions and to have assented to them. Accordingly, third party plaintiff was fully aware of the limits, restrictions, terms and conditions of the policy and is bound by the policy he received and accepted prior to the occurrence, and, therefore, the third party action must be dismissed.

> **AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE THIRD PARTY DEFENDANTS, SINCE 1964, INC. d/b/a PARIETTI & McGUIRE i/s/h/a PARIETTI & McGUIRE INSURANCE AGENCY and DOUGLAS PARIETTI, ALLEGE:**

77. At all times herein, P & M and Parietti were acting on behalf of their disclosed principal, Vermont, and, therefore, third party plaintiff's complaint must be dismissed.

> **AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE THIRD PARTY DEFENDANTS, SINCE 1964, INC. d/b/a PARIETTI & McGUIRE i/s/h/a PARIETTI & McGUIRE INSURANCE AGENCY and DOUGLAS PARIETTI, ALLEGE:**

78. That the Fifth Cause of Action contained in the third party complaint fails to state with particularity the circumstances constituting the alleged fraud as required by F.R.C.P. Rule 9 (b), and, therefore, said cause of action must be dismissed.

WHEREFORE, third party defendants, SINCE 1964, INC. d/b/a PARIETTI & McGUIRE i/s/h/a PARIETTI & McGUIRE INSURANCE AGENCY and DOUGLAS

PARIETTI, demand judgment dismissing the third party complaint together with the costs and disbursements of this action.

Dated: White Plains, New York
      February 6, 2008

                                    Yours, etc.

                                      WILSON, ELSER, MOSKOWITZ, EDELMAN
                                      &        DICKER LLP

                                      By: _____
                                        NANCY QUINN KOBA (1811)
                                        Attorneys for Third Party
                                        Defendants
                                        Since 1964, Inc. d/b/a Parietti &
                                        McGuire i/s/h/a Parietti & McGuire
                                        Insurance Agency and
                                        Douglas Parietti
                                        3 Gannett Drive
                                        White Plains, New York 10604
                                        (914) 323-7000
                                        File No. 10049.00117

To:     De Podwin & Murphy, Esqs.
           Attorneys for Defendant/Third Party Plaintiff,
           Saaed Moslem
           500 Airport Executive Park-Suite 502
           Nanuet, New York 10954-5238
           (845) 371-2300
           By: Andrew H. DePodwin, Esq.

           James W. Borkowski, Esq.
           Attorney for Plaintiff
           Vermont Mutual Insurance Company
           445 Hamilton Avenue-15th Floor
           White Plains, New York 10801
           (914) 946-4777

           Country-Wide Home Loans
           (Address Unknown)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
VERMONT MUTUAL INSURANCE COMPANY,  : 07 CV 07962 (SCR)

       Plaintiff(s)                          : (United States District Judge Platt)

   -against-                             : (Magistrate Judge Boyle)

SAEED MOSLEM and COUNTRY – WIDE HOME LOANS,  : CERTIFICATE OF SERVICE
       Defendants,
----------------------------------------------------------------- :
SAEED MOSLEM,                        x

       Third Party Plaintiff,            :

   -against-                             :

PARIETTI & McGUIRE INSURANCE AGENCY and "DOUG" PARIETTI a/k/a DOUGLAS PARIETTI, individually ad in his capacity as an Officer, Agent or Manager of Parietti & McGuire Insurance Agency,  :

       Third Party Defendant,
----------------------------------------------------------------- X

STATE OF NEW YORK       )
                                    ) ss.:
COUNTY OF WESTCHESTER  )

     ANGELA BELVEDERE, being duly sworn, deposes and certifies: that deponent is not a party to this action, is over 18 years of age and resides at Westchester County, New York.

     On the 7th day of February 2008 deponent served the within:

**Third Party Defendants' Answer to the Third Party Complaint**

TO:   De Podwin & Murphy, Esqs.
        Attorneys for Defendant/Third Party Plaintiff,
        Saaed Moslem
        500 Airport Executive Park-Suite 502
        Nanuet, New York 10954-5238
        (845) 371-2300
        By: Andrew H. DePodwin, Esq.

1880683.1

- 2 -

James W. Borkowski, Esq.
Attorney for Plaintiff
Vermont Mutual Insurance Company
445 Hamilton Avenue-15th Floor
White Plains, New York 10801
(914) 946-4777

at the address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
Angela Belvedere

Sworn to before me this
7th day of February 2008

_____
Notary Public

NANCY QUINN KOBA
Notary Public, State of New York
No. 02KO4880771
Qualified in Westchester County
Term Expires January 29, 2011

- 2 -

1880683.1