UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
VERMONT MUTUAL INSURANCE COMPANY,   CASE NO. **07 CIV 7962 (SCR)**

                Plaintiff,   **ECF CASE**

      -against-   **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DEMAND FOR PRODUCTION OF DOCUMENTS**

SAAED MOSLEM and COUNTRY WIDE
HOME LOANS,

                Defendants.
-------------------------------------------------------------------x
-------------------------------------------------------------------x
SAAED MOSLEM,

      Third Party Plaintiff,

      -against-

PARIETTI & McGUIRE INSURANCE AGENCY,
and 'DOUG" PARIETTI a/k/a DOUGLAS PARIETTI,
individually and in his capacity as an Officer, Agent
or Manager of Parietti & McGuire Insurance
Agency,

      Third Party Defendants.
-------------------------------------------------------------------x

      Defendant, SAEED MOSLEM, by and through his attorneys, De Podwin & Murphy, Esqs., as and for his response to plaintiff's First Demand for Production of Documents state as follows:

      1.    In response to paragraphs 1 and 2 (page 2) of plaintiff's demand, attached hereto as **Exhibits** are the following documents:

      [A]    Copy of Orange & Rockland "Billing History" for utilities for the subject premises from 10/10/06 - 07/18/05 (this document was previously supplied to plaintiff's counsel).

      [B]    Copies of real property tax bills for the Town of Middletown inclusive of the period commencing October 8, 2006 to the date to the extent such bills have been received as of the date hereof, to wit:

    (i) School Tax bill for period commencing September 1, 2006 through August 31, 2007;

    (ii) School Tax bill for period commencing September 1, 2007 through August 31, 2008;

    (iii) State/County/Town Tax bill for the period commencing January 1, 2006 through December 31, 2006;

    (iv) State/County/Town Tax bill for the period commencing January 1, 2007 through December 31, 2007; and

    (v) State/County/Town Tax bill for the period commencing January 1, 2008 through December 31, 2008 will be supplied, however, internet/facsimile copy is attached.

  [C] Copies of year-end mortgage statements for the years 2006 and 2007.

  [D] Defendant paid the mortgage installments by electronic wire/funds transfer. Copies of bank documents relating to same will be produced upon receipt of the same from the financial institution which the defendant used to transfer said funds.

  [E] Copy of recorded Mortgage dated June 24, 2005: mortgagee/lender: Countrywide Mortgage Ventures, LLC d/b/a Hudson Home Loans, mortgagor: Saaed Moslem.

  [F] Copy of Mortgage Note dated June 24, 2005: lender: Countrywide mortgage Ventures, LLC d/b/a Hudson Home Loans, borrower: Saaed Moslem (the latter is the only copy provided to borrower).

  [G] Copy of Multiple Listing Service - Residential Lease Listing form dated July 1, 2006.

  [H] Copy of Tenant Application dated July 5, 2006 with "prospective" tenant (who never took occupancy of the premises).

  [I] Copy of correspondence from Provident Bank to defendant dated October 16, 2006 relating to **EXHIBIT "J"**.

  [J] Copy of Chase Bank Official Check #299305203 dated October 2, 2006, in the amount of $1,750.00 (payment stopped by (prospective) "tenant" who never took occupancy of the premises).

[K] Copy of Lease Agreement between defendant and "Haarbodem Jelenster" ((prospective) tenant who never took occupancy of the premises), bearing lease date of July 5, 2006.

[L] (Redacted) Copies of Provident Bank statements evidencing payments for improvements to the subject premises made via entries under "Bank of America" (elec remit) ,American Express, checks for payments to Countrywide and TD Banknorth for mortgage payments for the period commencing June 2006 to present inclusive of escrow payments for the mortgagee's real property tax and insurance escrow(s) held in the name of defendant;

[M] Copy of Insurance Application to Parietti & McGuire and Vermont Mutual Insurance Company;

[N] Copy of Foremost Insurance Company insurance policy which defendant provided to the third party defendant prior to executing the insurance application;

[O] Copy of Declarations Page from Foremost Insurance Company policy #3810066143572-01 prior to executing the insurance application;;

[P] Copy of Vermont Mutual Insurance Company insurance policy; Upon information and belief, the instrument(s) of payment for the premiums for the policy of insurance issued by the plaintiff is within the possession and control of the plaintiff.

[Q] Copies of telephone billing re: communications relating to the third party defendant and the "casualty loss" will be provided hereafter;

[R] Copies of photographs of the subject premises;

[S] Copies of Adjuster's International estimates of reconstruction costs;

[T] Copy of plaintiff's homeowner's Insurance Declaration Page(s);

2. In response to paragraph 3 (page 2-3) of plaintiff's demand, the defendant's (prospective) expert witnesses at trial are currently unidentified. Upon the identification of the same, the information requested will be so provided. Defendant reserves the right to amend this response in accordance with the F.R.C.P.

3. In response to paragraph 4 (page 3) of plaintiff's demand: see defendant's Rule 26 Disclosure, paragraphs 1 through 7, the same which are incorporated herein by reference.

4. In response to paragraph 5 (page 3) of plaintiff's demand, see **EXHIBIT "A"** annexed hereto and balance of Orange & Rockland bills provided herewith.

5. In response to paragraph 6 (page 3) of plaintiff's demand, see **EXHIBIT "B"** annexed hereto.

6. In response to paragraph 7 (page 3) of plaintiff's demand, see **EXHIBIT "R"** annexed hereto.

7. In response to paragraph 8 (page 3) of plaintiff's demand, a copy of defendant's driver licence is provided herewith, see **EXHIBIT "U"**.

8. In response to paragraph 9 (page 3) of plaintiff's demand, see **EXHIBIT "A"** annexed hereto, and:

   [A] N/A as to utilities (with reference to water service, however, there was a well-pump reinstallation).

9. In response to paragraphs 10 and 11 (page 3) of plaintiff's demand, see **EXHIBIT "N"** annexed hereto, and see copy of correspondence from Catherine Macri Agency annexed hereto dated July 19, 2005 annexed hereto **EXHIBIT "V"**.

10. In response to paragraph 12 (page 3) of plaintiff's demand, see **EXHIBIT "E"** annexed hereto.

11. In response to paragraph 13 (page 3) of plaintiff's demand, see **EXHIBIT "B"** annexed hereto.

12. In response to paragraph 14 (page 3) of plaintiff's demand, see **EXHIBIT "R"** annexed hereto.

13. In response to paragraph 15 (page 3) of plaintiff's demand, contrary to the text of this demand, the defendant does not claim the tenant "... was living in the premises on the date of the incident covering 2006 ..."

      Defendant reserves the right to amend this First Response to Plaintiff's Request for Production of Documents in accordance with the F.R.C.P.

Dated:    Nanuet, New York
           May 8, 2008

                                    Yours, etc.,

                                    ANDREW H. De PODWIN, ESQ. (AD 3768)
                                  De PODWIN & MURPHY, ESQS.
                                  Attorneys for Defendant/Third Party
                                    Plaintiff, SAAED MOSLEM
                                  500 Airport Executive Park - Suite 502
                                  Nanuet, New York 10954-5238
                                  (845) 371-2300